# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD RAY LAWSON, JR.,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
WARM SPRINGS CORRECTIONAL
CENTER,
Respondent.

No. 71581

**FILED**

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Donald Ray Lawson argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Lawson's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Lawson is serving a sentence pursuant to such a statute for a weapon enhancement related to an attempted murder

---

[1]Having considered Lawson's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence imposed for primary offense); NRS 193.330(1)(a)(1) (setting forth sentencing range for attempt to commit a category A felony).[2] Consistent with *Williams*, the credits that Lawson has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                         Stiglich

---

[2]It appears that Lawson has not yet begun to serve his sentence for mayhem, which was also committed on or between July 17, 1997, and June 30, 2007. He was sentenced for that offense pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. *See* NRS 200.280. Once he begins serving that sentence, he will be entitled to have credits that he earns pursuant to NRS 209.4465 applied to his parole eligibility on that sentence, consistent with NRS 209.4465(7)(b) (1997) and *Williams*.

[3]The court cannot grant any relief as to the sentence Lawson has already expired for the primary offense of attempted murder. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. Similarly, the court cannot grant him any relief on the sentence he is serving if he has already appeared before the parole board on that sentence. *Id.* It is unclear from the record before this court whether Lawson has appeared before the parole board on the current sentence. The district court may consider any evidence in that respect on remand.

cc: Hon. James Todd Russell, District Judge
Donald Ray Lawson, Jr.
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A